Petition for Writ of Mandamus Dismissed and Opinion filed October 13,
2006








Petition
for Writ of Mandamus Dismissed and Opinion filed October 13, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00488-CV

____________

 

IN RE SUSAN C. NORMAN, MICHAEL EASTON, DAWN
JOHNSON WHATLEY, PERRY LEE WHATLEY, and PETER J. RIGA, Relators

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On May
31, 2006, relators filed a APetition for Writ of Mandamus En Banc@ in this Court.[1] 
See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see  also  Tex. R. App. P. 52.1.  Relators
challenge the April 28, 2006, and May 3, 2006, orders of the Honorable Judge
Guy Herman, and the May 3, 2006, order of the Honorable Judge Russell Austin. 
On June 20, 2006, Judge Herman filed a conditional motion to dismiss this
mandamus proceeding on the ground that the proceeding is moot.








The
motions to recuse challenged in this proceeding arise from trial court cause
number 355,095-402, styled Mylus James Walker v. Susan C. Norman and Peter
J. Riga.  This is a lawsuit filed by Mylus James Walker, as guardian of
Perry Lee Whatley, against Susan Norman and Peter Riga for declaratory relief
and recovery of funds.  On June 1, 2006, a panel of this court ruled that the
orders appointing Walker as temporary and permanent guardian of Perry Whatley,
signed October 13, 2005, and December 14, 2005, are void.  In re Whatley,
No. 14-05-01222-CV, 2006 WL 1490161, at *4 (Tex. App.BHouston [14th Dist.] June 1, 2006,
orig. proceeding)(mem. op.).  Because these guardianship orders are void,
Walker does not possess the capacity pursuant to those orders to file and
maintain suit as Whatley=s guardian. Lack of capacity typically must be challenged
with a verified plea in abatement or it is waived, unless, as in this case,
Walker=s lack of capacity appears of
record.  See Tex. R. Civ. P. 93. 


A case
becomes moot if a controversy ceases to exist between the parties at any stage of
the legal proceedings.  In re Kellogg Brown & Root, Inc., 166 S.W.3d
732, 737 (Tex. 2005).   Because all motions to recuse challenged in this
proceeding arise from the guardian=s suit, and the guardian no longer
possesses the capacity, pursuant to the guardianship orders of October 13,
2005, and December 14, 2005, to sue and maintain the suit, and this lack of
capacity appears of record, a controversy no longer exists in this proceeding. 

Accordingly,
we grant Judge Herman=s motion to dismiss to the extent he claims the mandamus
proceeding is moot.  The petition for writ of mandamus is ordered dismissed.

 

PER
CURIAM

 

Petition dismissed and Memorandum
Opinion filed October 13, 2006.

Panel consists of Justices Hudson,
Frost, and Seymore.









[1]  En Banc
consideration of a case is not favored and should not be ordered unless
necessary to secure or maintain uniformity of the court=s decisions or unless extraordinary circumstances
require en banc consideration.  See Tex.
R. App. P. 41.2(c).  Relators=
request for en banc review was presented to all justices of the en banc court,
except one recused member.  No members of the court requested a vote to
determine whether this case will be heard en banc; therefore, no vote need be
taken, and a panel of this court will consider the case.  See id.